JASON LEVIN (State Bar No. 161807)
JENNIFER BONNEVILLE (State Bar No. 243686)
LISA L. GARCIA (State Bar No. 301362)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: jason.levin@alston.com
       jennifer.bonneville@alston.com
       lisa.garcia@alston.com

MEAGHAN G. BOYD (*Pro Hac Vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
Email: meaghan.boyd@alston.com

Attorneys for Defendant
MARTINEZ REFINING COMPANY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH PISCITELLI and LARA ZANZUCCHI, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ REFINING COMPANY LLC<br><br>Defendant. | Case No. 4:23-cv-04184-HSG<br>[Assigned to the Hon. Haywood S. Gilliam, Jr.]<br><br>**STIPULATED REQUEST (AS MODIFIED) TO MODIFY THE SCHEDULING ORDER TO PROVIDE FOR BIFURCATED DISCOVERY ORDER**<br><br>**Dkt. No. 58**<br><br>Filing Date: August 16, 2023 |

- 1 -

Plaintiff Joseph Piscitelli and Defendant Martinez Refining Company LLC through their attorneys agree and stipulate as follows:

WHEREAS, on December 26, 2023, the Parties submitted a Joint Rule 26(f) Report in which the Parties agreed and proposed bifurcation of discovery into a class certification phase, followed by a merits phase [Dkt. 35];

WHEREAS, on January 2, 2024, the Parties attended the telephonic initial case management conference and discussed their discovery proposal [Dkt. 41];

WHEREAS, on January 17, 2024, the Court issued a scheduling order providing deadlines up to the class certification hearing deadline [Dkt. 48];

WHEREAS, on February 2, 2024, the Parties filed a joint letter regarding a discovery dispute pursuant to the Court's Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. [Dkt. 51];

WHEREAS, on February 8, 2024 this case was referred to Magistrate Lisa J. Cisneros, who noted that although the joint letter stated that "'discovery has been bifurcated to focus initially on class certification issues' (ECF No. 51 at 2) and an agreement to that effect is noted in the parties' case management statement (ECF No. 35 at 5), no such bifurcation is apparent from Judge Gilliam's scheduling order (ECF No. 48)."  As a result, Hon. Magistrate Cisneros directed the parties to "submit a stipulated request to Judge Gilliam to modify the scheduling order to provide for bifurcated discovery" [Dkt. 53];

WHEREAS, the Parties have met and conferred in good faith and agree that discovery should be bifurcated into a class certification phase, followed by a merits phase. During the class certification phase, discovery shall involve inquiry into issues relevant to the suitability of the case for class certification under Fed. R. Civ. P. 23(a) (numerosity, commonality, typicality, and adequacy of representation) and Fed. R. Civ. P. 23(b)(3) (predominance and superiority). Specifically, discovery related to the substantive merits of Plaintiffs' claims, such as the cause of any noxious odors or emissions will be reserved for the merits phase of discovery;

THEREFORE, the Parties now request that the Court modify the scheduling order to provide for bifurcated discovery.

Dated: March 1, 2024

Jason Levin
Jennifer Bonneville
Lisa L. Garcia
Meaghan G. Boyd
**ALSTON & BIRD LLP**

By:         */s/ Lisa Garcia*
                Lisa Garcia

**ATTORNEYS FOR PLAINTIFFS JOSEPH PISCITELLI AND LARA ZANZUCCHI**

Dated: March 1, 2024

Mike Arias
Arnold Wang
M. Anthony Jenkins
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

Steven Liddle
Laura Sheets
Matthew Robb
**LIDDLE SHEETS COULSON P.C.**

By:       */s/ Matthew Robb – by permission*
              Matthew Robb
**ATTORNEYS FOR PLAINTIFFS JOSEPH PISCITELLI AND LARA ZANZUCCHI**

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

The Scheduling Order dated January 17, 2024 [ECF. No. 48] is hereby amended to reflect that discovery is bifurcated into a class certification phase, followed by a merits phase. The current discovery deadline of August 2, 2024 remains in place only for class certification discovery, with a deadline for merits discovery to be set after class certification has been decided. During the class certification phase, discovery shall involve inquiry into issues relevant to the suitability of the case for class certification under Fed. R. Civ. P. 23(a) (numerosity, commonality, typicality, and adequacy of representation) and Fed. R. Civ. P. 23(b)(3) (predominance and superiority). Specifically, discovery related to the substantive merits of Plaintiffs' claims, such as the cause of any noxious odors or emissions, will be reserved for the merits phase of discovery.

DATED: 3/12/2024

Honorable Haywood S. Gilliam, Jr.
Judge of the United States District Court
Northern District of California