JASON LEVIN (State Bar No. 161807)
JENNIFER BONNEVILLE (State Bar No. 243686)
LISA L. GARCIA (State Bar No. 301362)
JANE KAUFMAN (State Bar No. 351252)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: jason.levin@alston.com
        jennifer.bonneville@alston.com
        lisa.garcia@alston.com
        jane.kaufman@alston.com

MEAGHAN G. BOYD (*Pro Hac Vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
Email: meaghan.boyd@alston.com

**Attorneys for Defendant**
*Martinez Refining Company LLC*
*in the Malan and Cruz Actions*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID MALAN, et al., | Case No. 4:23-cv-04184-HSG |
| Plaintiffs, | The Hon. Haywood S. Gilliam, Jr. |
| v. | [PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| MARTINEZ REFINING COMPANY LLC, | |
| Defendant. | |

1

| | |
|---|---|
| ALENA CRUZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PBF ENERGY, INC.,<br><br>Defendant. | Case No. 4:23-cv-06142-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| JENNIFER FRYE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ REFINING COMPANY LLC,<br><br>Defendant. | Case No. 4:24-cv-04506-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| ALICE SALIBA, et al.,<br>Plaintiffs,<br><br>v.<br>MARTINEZ REFINING COMPANY LLC,<br><br>Defendant. | Case No. 4:24-cv-08153-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |
| ELIZABETH SILVESTRI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARTINEZ REFINING COMPANY LLC,<br>Defendant. | Case No. 4:24-cv-08241-HSG<br><br>The Hon. Haywood S. Gilliam, Jr.<br><br>[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

2

ROBERT MANNING, et al.,

      Plaintiffs,

      v.

MARTINEZ REFINING COMPANY LLC,

      Defendant.

Case No. 4:24-cv-08316-HSG

The Hon. Haywood S. Gilliam, Jr.

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

---

LAUREN CANNING, et al.,

      Plaintiffs,

      v.

MARTINEZ REFINING COMPANY LLC,

      Defendant.

Case No. 4:25-cv-04511-HSG

The Hon. Haywood S. Gilliam, Jr.

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in the above-captioned actions ("Related Actions") as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.

The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 28, 2020, and present will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

d) The parties agree that the following data sources will not be preserved, searched, reviewed, or produced (i) because they are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), or (ii) based on the proportionality factors set forth in Fed. R. Civ. P. 26(b)(1):

- Legacy data and legacy systems;

- Backup media and backup systems;

- Hyperlinked files that are not in the control of a party;

- Dynamic fields of databases or log files that are not retained in the usual course of business;

- Corrupted data or otherwise inaccessible files that cannot be recovered by the systems currently in use;

- Recorded voice messages, including voicemail in the Avaya Voice Player (.lvp) or WAVE (.wav) file formats;

- Skype, Microsoft Teams, Webex, Zoom, or other videoconference communications;

- Temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system;

- Automatically saved versions of documents or data in metadata fields that are frequently updated automatically, such as last-opened dates,

4

- Residual, deleted, slack, fragmented, overwritten, or other data only accessible by forensics;

- Online access data such as temporary Internet files, history, cache, and cookies;

- Logs of calls made from mobile devices that are not in the control of a party;

- System and program files;

- Data stored on photocopies, scanners, and fax machines;

- Server, system, or network logs; and

- Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, counsel in all Related Actions (or if the requests concern only certain Related Actions, counsel in those actions) will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☐ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

When producing data from Social Media applications or sites, including Facebook, Nextdoor, Instagram, TikTok, and X (formerly Twitter), such information to be produced will include current and historical ESI. The party will produce an authentic copy of their archived social media as reasonably available and as provided by Facebook (see, e.g., https://www.facebook.com/help/212802592074644?helpref=related) or other Social Media application(s) or site(s) identified in the request.

Each document will be produced with a unique Bates number or numbers that includes a prefix identifying the producing party. Where a document is specific to a particular Plaintiff, the Bates number must identify the relevant Plaintiff. Any documents produced in native format shall be given a file name that includes the Bates number and shall be produced with a Bates-numbered TIFF image slip-sheet with the phrase "Document Produced in Native Format." Any document produced in TIFF format shall be given a file name that includes the Bates number(s), and each page shall be branded with a unique, consecutive Bates number.

## 7. PHASING

As agreed upon in the January 20, 2026 Stipulation and Proposed Scheduling Order, during the phase addressing common factual issues in the Related Actions, the parties may produce documents, ESI, and other materials on a rolling basis, to be completed by September 1, 2026.

For later phases of the Related Actions, when a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to accommodate reasonable requests to phase the production of ESI and other materials and to meet and confer if necessary to determine a schedule for production from certain ESI sources.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, ESI, or other material, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Defendant does not need to place on a privilege log communications that post-date the filing of the complaint in *Malan v. Martinez Refining Co. LLC*, No. 4:23-cv-04184-HSG (N.D. Cal), that are (i) with, between, or among outside litigation counsel (including outside litigation counsel in any of the Related Actions or any similar actions), (ii) with, between, or among in-house counsel (including paralegals and legal assistants) or non-litigation counsel related any of the Related Actions or any similar actions, or (iii) with, between, or among testifying or consulting experts, unless the communication is the only source of facts or assumptions on which the expert relies for their opinions.

c) Plaintiffs do not need to place on a privilege log communications that post-date the filing of the complaint in the applicable action that are (i) with, between, or among litigation counsel, or (ii) with, between, or among testifying or consulting experts, unless the

communication is the only source of facts or assumptions on which the expert relies for their opinions.

d) Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 30, 2026                    **BEVERIDGE & DIAMOND, P.C.**

                                           */s/* Jacob P. Duginski
                                           Jacob P. Duginski
                                           Susan E. Smith
                                           Megan R. Brillault
                                           Katrina M. Krebs

                                           *Attorneys for Defendant Martinez Refining Company LLC in the Frye, Saliba, Silvestri, Manning, and Canning Actions*

Dated: January 30, 2026                    **ALSTON & BIRD LLP**

                                           /s/ Lisa L. Garcia
                                           Jason Levin
                                           Jennifer Bonneville
                                           Lisa L. Garcia
                                           Meaghan G. Boyd
                                           Jane W. Kaufman

                                           *Attorneys for Defendant Martinez Refining Company LLC in the Malan and Cruz Actions*

Dated: January 30, 2026                    **LIDDLE SHEETS P.C.**

                                           */s/* Matthew Z. Robb
                                           Matthew Z. Robb
                                           Steven D. Little
                                           Laura L. Sheets

**ARIAS SANGUINETTI WANG & TEAM LLP**

Mike M. Arias
Arnold C. Wang
M. Anthony Jenkins

*Attorneys for Plaintiff David Malan*

Dated: January 30, 2026       **COTCHETT, PITRE & MCCARTHY, LLP**

/s/ Blair V. Kittle
Blair V. Kittle
Joseph W. Cotchett
Anne Marie Murphy
Vasti S. Montiel

*Attorneys for Plaintiffs Alena Cruz and Shannon Payne*

Dated: January 30, 2026       **CUTTER LAW P.C.**

/s/ Celine E. Cutter
Jennifer S. Domer
C. Brooks Cutter
Celine E. Cutter

**TORK LAW**
Reza Tokzadeh
Scott King

*Attorneys for Plaintiffs in the Frye, Manning, Saliba, and Silvestri Actions*

Dated: January 30, 2026       **BISH LAW, APC**

/s/ Mindy Bish
Mindy Bish

*Attorney for Plaintiffs Lauren Canning and Beth DeLuca*

8

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION; CASE NOS. 4:23-CV-04184-HSG; 4:23-CV-06142-HSG; 4:24-CV-04506-HSG; 4:24-CV-08153-HSG; 4:24-CV-08241-HSG; 4:24-CV-08316-HSG; 4:25-CV-04511-HSG

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: February 3, 2026

_____
UNITED STATES MAGISTRATE JUDGE
LISA J. CISNEROS

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION; CASE NOS. 4:23-CV-04184-HSG; 4:23-CV-06142-HSG; 4:24-CV-04506-HSG; 4:24-CV-08153-HSG; 4:24-CV-08241-HSG; 4:24-CV-08316-HSG; 4:25-cv-04511-HSG