UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID MALAN, et al.,

Plaintiffs,

v.

MARTINEZ REFINING COMPANY LLC,

Defendant.

Case No. 4:23-cv-04184-HSG (LJC)

**ORDER RESOLVING THE PARTIES' DISPUTED PROPOSALS FOR PLAINTIFF FACT SHEETS**

ALENA CRUZ, et al.,

Plaintiffs,

v.

PBF ENERGY, INC., et al.,

Defendants.

Case No. 4:23-cv-06142-HSG (LJC)

**ORDER**

JENNIFER FRYE, et al.,

Plaintiffs,

v.

MARTINEZ REFINING COMPANY LLC,

Defendant.

Case No. 4:24-cv-04506-HSG-LJC

**ORDER**

United States District Court
Northern District of California

| | |
|---|---|
| ALICE SALIBA, et al., Plaintiffs, v. MARTINEZ REFINING COMPANY LLC, Defendant. | Case No. 4:24-cv-08153-HSG-LJC **ORDER** |
| ELIZABETH SILVESTRI, et al., Plaintiffs, v. MARTINEZ REFINING COMPANY LLC, Defendant. | Case No. 4:24-cv-08241-HSG-LJC **ORDER** |
| ROBERT MANNING, et al., Plaintiffs, v. MARTINEZ REFINING COMPANY LLC, Defendant. | Case No. 4:24-cv-08316-HSG-LJC **ORDER** |
| LAUREN CANNING, et al., Plaintiffs, v. MARTINEZ REFINING COMPANY LLC, Defendant. | Case No. 4:25-cv-04511-HSG-LJC **ORDER** |

The Court has reviewed the Plaintiff Fact Sheets proposed by Defendant and Plaintiffs in the *Cruz*, *Frye*, *Saliba*, *Silvestri* and *Manning* actions, *Malan v. Martinez Refining* ECF Nos. 145-1 and 145-2, and held a hearing[1] on the matter on July 15, 2026. ECF No. 145. The parties

[1]Plaintiffs in the *Canning* action did not provide comments on Defendant's proposed Fact Sheet or participate in the meet and confer process as the proposed Fact Sheets were developed. However their counsel appeared for the hearing and stated that there were no objections to Plaintiffs' proposed Fact Sheet. Plaintiff David Malan, who is the named plaintiff in the related *Malan* class



United States District Court
Northern District of California

United States District Court
Northern District of California

agreed on the majority of the questions to be included in the Fact Sheet and they agreed to a schedule for periodically serving completed Fact Sheets, starting during the phase focused on common discovery. Having considered these parties' briefing concerning the disputed questions and their oral arguments, the Court rules as follows:

**Question 10:** With respect to Question Number 10 concerning Plaintiff's social media accounts, Defendant's proposal is adopted.

**Question 12**: With respect to Question Number 12, neither side's formulation of the question was entirely satisfactory. The Court orders that the following verbiage be included in the Fact Sheet:

12. Since January 2020, has Plaintiff's work been interrupted because of a medical condition, disability, or injury? ___Yes ____No

(If "Yes," answer the following questions; if "No," skip to Question No. 13.)

a. Employer: (populate based on answers to Question No. 11)

b. Type of work interruption (check all that apply):

___ Missed workdays

___ Medical leave

___ Reduced hours

___ Job restrictions or accommodations

___ Stopped working entirely

Other: ________________________________________

c. Date(s) of work interruption:

d. Reason for work interruption:

e. Do you believe that the medical condition, disability, or injury that caused the work interruption was related to emissions? ___Yes ____No

**Question 13:** With respect to Question Number 13, neither side's formulation of the

action will not participate in the Plaintiff Fact Sheet process, as he has already responded to written discovery and sat for a deposition.

United States District Court
Northern District of California

question was entirely satisfactory. The following verbiage shall be included in the Fact Sheet:

13. Since January 2020, has Plaintiff filed for workers' compensation? ___Yes ____No

(If "Yes," answer the following questions; if "No" skip to Question No. 14.)

a. Employer: (populate based on answers to Question No. 11) ______________________

b. Approximate date(s) claim filed: ______________________

c. Nature of accident or injury claimed: ______________________

d. Resolution of claim: ___ Denied ___ Granted ___ Other: ______________________

**Questions/Instruction 42-45:** With respect to Defendant's proposed Question Number 42, Instruction Number 43, and Question Numbers 44 and 45, Defendant's proposals are adopted in part. As a general matter, these proposals relate to Defendant's efforts to gather information about Plaintiffs' medical providers, treatment, and medical monitoring and testing, that relates to any physical or mental injuries that Plaintiffs claim resulted from or were worsened by their exposure to Refinery emissions. The collection of some of this information is appropriate, as it will allow Defendant to consider and prepare potential defenses related to the causation of such injuries. However, Plaintiffs also have privacy interests in their personal medical and mental health information, and certain information may be entirely unrelated to Plaintiffs' claims, or it may be ambiguous and disputed as to whether the medical information is related to Plaintiffs' claims. Finally, because the Fact Sheets must be verified by Plaintiffs who are not necessarily medical professionals and they are assisted by attorneys who are not necessarily medical experts themselves, the Court declines to require the provision of more detailed medical information in the Fact Sheets, such as the dates of treatment or types of treatment. The collection of such information through the Fact Sheet process is also more burdensome than necessary at this point in time when more in-depth Plaintiff-specific discovery may continue at a later stage of the litigation.

Accordingly, the Court adopts Defendant's proposals in part and modifies the sequence and the contents of the questions and instructions as follows:

42. Has Plaintiff received treatment from a medical provider for any physical or mental injuries that resulted from or were worsened by exposure to Refinery emissions?

United States District Court
Northern District of California

___Yes ____No

43. Has a medical provider advised Plaintiff that they require medical monitoring or testing due to exposure to Refinery emissions?

___Yes ____No

44. (If Plaintiff answered "No to Questions Nos. 40 and 41, skip to Section 12.) Identify all medical providers whom Plaintiff visited for physical or mental health care since January 2020. In addition, indicate whether they provided care related to treatment, monitoring or testing related exposure to Refinery emissions.

| **Name of Medical Provider** | **Address of Medical Provider** | **Check if the medical professional provided treatment related to Refinery emissions** | **Check if the medical professional provided or recommended monitoring or testing related to Refinery emissions** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

45. **<u>Complete and sign</u>** an Authorization for Release of Medical Records for each medical provider identified in Question Number 44 that Plaintiff visited for treatment or in connection with monitoring or testing since January 2020.

In addition, if Plaintiff believes that certain medical professionals identified above in response to Question Number 44 did not provide care related to any physical or mental injuries or monitoring or testing services related to exposure to Refinery emissions, Plaintiff may identify such providers and describe the medical or mental issue that the provider addressed, the type of treatment or service provided, and the relevant time period using the chart below. Based on this information, Defendant may elect not to use the Medical Release Authorization to collect medical records where Plaintiff has explained and verified to Defendant's satisfaction that the provider will not have relevant

United States District Court
Northern District of California

information.

| Name of Medical Provider | Health issue(s) addressed | Treatment(s) provided | Relevant Time Period |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Questions/Instruction 46-48:** Next, the Court addresses Defendant's proposed Questions and Instructions Numbers 46 through 48, which relate to medications and require the release of pharmacy records for each pharmacy that the Plaintiff visited since January 2020. The Court denies Defendant's request to include these proposals because they are disproportionate to the needs of the litigation at this time. Defendant will receive considerable medical information based on the questions and medical release authorizations that the Court has required above, and some of the records collected pursuant to the earlier questions may include details concerning medications prescribed and used by Plaintiffs. If additional medication and pharmacy records are required, Defendant may consider pursuing such discovery at a later stage in the litigation in the course of Plaintiff-specific discovery.

The parties shall file a stipulated form Plaintiff Fact Sheet, consistent with this Order, by July 24, 2026.

**IT IS SO ORDERED.**

Dated: July 21, 2026

LISA J. CISNEROS
United States Magistrate Judge